McKinney, J.
delivered the opinion of the court.
The decision of this cause rests upon a single question. It was conceded in the argument, and very properly, that if the complainant cannot be regarded as standing in the relation of an accommodation endorser of the bill of exchange transferred to Chaffin, Kirk, & Co., and by them to the Union Bank, and upon which, in the character of an endorser of said bill, the judgment sought to be enjoined, was obtained against him, he can have no claim to relief in this case, whatever might be the determination of the other questions in the case.
The facts material to the decision of this question, are briefly these: In the year 1837, the complainant was a member of the firm of David Looney & Co., of Columbia, of the same place of the former firm. Said David Looney was the individual owner of a bill of exchange for five thousand' dollars — payable to his order, due at twelve months, and dated 27th March, 1837, drawn by *441 one Jobn T. Brown upon Carutbers, Harris, & Co., of New Orleans, and by them accepted. In part discharge of the debt due from David Looney & Co., to Chaffin, Kirk & Co., said bill of exchange was transferred to the latter firm, with the individual endorsement of said David Looney thereon, and the proceeds were placed to the credit of the firm of D. Looney & Co , upon the books of Chaffin, Kirk & Co., as payment of so much of the liabilities of the former to the latter firm. Said bill of exchange was shortly afterwards offered for discount, at the branch of the Union Bank at Columbia, by Chaffin, Kirk & Co., but the bank refused to discount it without further security, and it was proposed to furnish the endorsment of David Looney & Co., which the bank agreed to accept, and upon this being done, said bill was discounted and the proceeds applied to the benefit of Chaffin, Kirk & Co.
Upon the foregoing facts, can the complainant be considered as amere accommodation-endorser of the bill of exchange? Most certainly he cannot. Looking at the transaction in its true nature and substance, as a court of equity must view it, what is it ? Simply, a transfer of the bill by the firm of D. Looney & Co., for value, to Chaffin, Kirk & Co. The fact that the bill was originally the individual property of one member of the firm, and endorsed in the first instance, by him individually, does not affect the question. It was treated as firm property, by D. Looney & Co., as they might well do: the firm transferred it, as is proved by Chaffin, and the firm received the proceeds, in the extinguishment of so much of its indebtedness to Chaffin, Kirk & Co. Suppose the latter firm had refused, iñ the first instance, to have received the bill, without the endorsement of the firm of David *442 Looney & Co., and upon such endorsement being made, had paid over the proceeds in money, or what was the same thing in effect, had accepted it in absolute payment of a pre-existing debt, there would have been no question but that they would have been endorsers for value. And how is the question changed by the fact, that the endorsement of the firm was subsequent to the transfer, and made with the view of enabling the endorsees to negotiate the bill more readily?
The only enquiry material to be made is, was the endorsement made upon a valuable consideration, or otherwise. Can it be doubted that if the holder of a bill or note transfer it by delivery, for a valuable consideration, and afterwards, at the request of the person to whom'the transfer was made, agrees to endorse it, for the purpose •of giving it additional credit, or for any other lawful purpose, and does so endorse it, that his liability will be precisely the same, and that he will stand in all respects in the same condition, as if the endorsement had been made at the time of the transfer. Why not ? Such subsequent agreement, if fairly made, is valid and binding, because supported by the original consideration, to which the endorsement will relate. The party has done no more than he might in the first instance have been required to do, and there being a sufficient consideration to support it, upon what principle can he be permitted to avoid the liability thus voluntarily incurred?
Could David Looney & Co., upon payment of this bill of exchange, have maintained an action against Chaffin, Kirk & Co., to have recovered the amount so paid ? Upon what principle, or upon what consideration, could they have done so? Were they not bound, both in law and in equity, as against Chaffin, Kirk & Co., to have paid the *443 bill? We think they were beyond all question. Upon this ground, therefore, the complainant is repelled, without adverting to others, presenting, perhaps, not less insuperable difficulties to the relief sought by the bill.
It is certainly true, that an accommodation endorser, after judgment, occupies very different, and much more favorable ground, in the view of a court of equity, than a surety, in the technical sense of that term, and possesses none of those summary and ample remedies, provided by our statute for the protection and indemnity of the latter. And when a case shall be presented, clearly showing, that such endorser, after judgment obtained against him, had notified the judgment creditor to proceed to make the money out of the parties previously liable, who were then solvent and able to pay, and that he had refused or neglected to do so, until such previous parties became insolvent, as it will present a case wholly different from the present, it will receive a very different determination. Here it is obvious, that the attitude of an accommodation endorser, is newly assumed by the complainant: and that, too, in irreconcilable opposition to his former relation, or rather want of relation of any kind, to the bill of exchange in question.
The decree of the Chancellor will be reversed, and the bill dismissed, but without costs.